**Martin Eduardo VALDEZ; Maria Del Rosario Calvillo–Calvillo, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75408.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Richard Prinz, Esquire, Houston, TX, for Petitioner.

Mary Jane Candaux, Assistant Director, Julie M. Iversen, Trial, OIL, Arthur Leonid Rabin, Trial, U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Martin Eduardo Valdez and Maria Del Rosario Calvillo–Calvillo, husband and wife and natives and citizens of Mexico, petition

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's removal order, and denying their motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review a motion to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination on appeal that petitioners failed to show exceptional and extremely unusual hardship to their United States citizen daughters. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir.2009).

The BIA did not abuse its discretion by denying petitioners' motion to remand, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."). To the extent petitioners contend that the BIA failed to consider some or all of the evidence they submitted, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

Petitioners' remaining contention lacks merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.